# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 846 | **DATE** | March 19, 2008 |
| **CASE TITLE** | Reginald Brewer (#2007-0062617) v. Cermak Health Services | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions for leave to proceed *in forma pauperis* [3], [7] are granted. The court orders the trust fund officer at Plaintiff's place of confinement to deduct $8.00 from Plaintiff's account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The court dismisses the instant complaint without prejudice to Plaintiff's submission of an amended complaint or complaints within 30 days of the date of this order. Failure to submit an amended complaint or complaints within 30 days will result in dismissal of this case. The clerk is directed to provide Plaintiff with an amended complaint form, along with a copy of this order and instructions for filing documents in this Court. Plaintiff's motion for the appointment of counsel [6] is denied without prejudice to refiling along with the amended complaint or complaints.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Reginald Brewer, currently incarcerated at Cook County Jail, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts a number of different claims against different defendants. His claims pertain to conditions at Cook County Jail, his arrest, and forfeiture proceedings.

    Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $8.00. The trust fund officer at Plaintiff's place of incarceration, currently Cook County Jail, is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain responsible for the filing fee, and the inmate trust account office shall notify transferee authorities of any outstanding balance, if Plaintiff is transferred to another correctional facility.

**(CONTINUED)**

isk

| **STATEMENT (continued)** |
|---|

Although Plaintiff may proceed *in forma pauperis* in this case, Plaintiff's complaint may not proceed forward. To continue with this case, Plaintiff must submit an amended complaint. Plaintiff's current complaint alleges numerous, unrelated claims against different defendants. Plaintiff alleges that: he was unable to obtain proper medication for several months after he was incarcerated at Cook County Jail; he contracted tuberculosis while in jail; Correctional Officer King spat in Plaintiff's face and another Cook County officer tried to cover up the incident; an officer named Johnson hit Plaintiff in the back; an officer named R. Puckett refused Plaintiff's requests to call the forfeiture unit so that Plaintiff could learn what happened to his seized 2002 Cadillac; Ms. Zarkos with the forfeiture unit refused to address mail properly to Plaintiff; and attorney Michael Marcellano did not properly do his job, presumably with respect to Plaintiff's forfeiture proceedings. Plaintiff's discussion of his claims includes several persons not listed as defendants, and Plaintiff names several defendants but alleges no claims against them.

Plaintiff's complaint, as currently drafted, cannot proceed. Plaintiff's complaint alleges unrelated claims against different defendants. Although a plaintiff may allege different claims against one defendant, a plaintiff may not assert unrelated claims against different defendants. Rather, unrelated claims against different defendants belong in separate suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff wants to proceed with this case, he must submit an amended complaint that asserts only related claims. Plaintiff should clearly state each claim and how each named defendant is involved. If Plaintiff wants to pursue unrelated claims against different defendants, he should file a separate suit or suits.

Plaintiff shall have 30 days from the date of this order to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, he must set forth all the allegations and name all the defendants he seeks to sue in the amended complaint, pursuant to the instructions stated above, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The clerk will provide the Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within 30 days, the case will be dismissed. However, Plaintiff will still be responsible for paying the filing fee.