## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 846 | **DATE** | May 23, 2008 |
| **CASE TITLE** | Reginald Brewer (2007-0062617) v. Correctional Officer King | | |

**DOCKET ENTRY TEXT:**

Plaintiff Reginald Brewer may proceed with his amended complaint [11] against Cook County Correctional Officer King. The clerk is directed to issue summons for service of the amended complaint on this defendant by the U.S. Marshal. The other listed defendants are dismissed. The clerk is further directed to send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [8] is denied without prejudice.

■ [**For further details see text below.**]                                    Docketing to mail notices.

## STATEMENT

    Plaintiff, Reginald Brewer (2007-0062617), currently in custody at the Cook County Department of Corrections, has filed an amended complaint in accordance with this Court's March 19, 2008 order. Plaintiff states the following: on August 19, 2007, he entered Cook County Jail; Correctional Officer King stepped on Plaintiff's back twice; King then cussed at Plaintiff, attempting to provoke a fight; x-rays showed a chipped bone in Plaintif's back; and Plaintiff was not able to obtain adequate medical attention from Cermak Hospital. Plaintiff's amended complaint names Correctional Officer King, Cermak Health Services, and Cook County Jail as defendants. The Court notes that Plaintiff submitted the amended complaint under case numbers 08 C 846 and 08 C 1196. The Court previously dismissed case number 08 C 1196, given that the instant case raised the same claims. Plaintiff may proceed with the instant case; case number 08 C 1196 remains dismissed.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of the complaint. The amended complaint sufficiently states a colorable cause of action against Correctional Officer King, and he must respond to the allegations against him in the amended complaint. However, Cermak Health Services and Cook County Jail are not suable entities. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993); *Manney v. Monroe*, 151 F. Supp.2d 976, 985 (N.D. Ill. 2001); *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a § 1983 plaintiff must name the individuals personally involved in the wrong being asserted). Cermak Health Services and Cook County Jail are thus dismissed as defendants. The other defendants that were named in the original complaint but not in the amended complaint are also dismissed.

**(CONTINUED)**

isk

**STATEMENT (continued)**

The Clerk shall issue summons for Correctional Officer King. The clerk shall also send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Cook County Jail Correctional Officer King with the amended complaint. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve this defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve this defendant, and authorities at Cook County Jail shall provide any necessary assistance to locate the defendant. With respect to former jail employee who no longer can be found at the work address provided by Plaintiff, authorities at the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service or for proof of service, should a dispute arise. Any documentation of the address shall be retained only by the Marshal; shall not be kept in the court file; and shall not be disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The court denies without prejudice Plaintiff's motion for the appointment of counsel. Though civil litigants do not have a constitutional or statutory right to counsel, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, Plaintiff's case, at this stage of the proceeding does not involve complex issues, complex discovery, or an evidentiary hearing. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.